UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY ABBOTT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CROSSFIT INC., In Its Official Capacity as Owner and Operator of the Crossfit Games, DOES 1 through 10, inclusive<br><br>Defendants. | Case No.: 18-cv-2364-WQH-MDD<br><br>**ORDER** |

HAYES, Judge:

The matters before the Court are the Motion to Vacate Arbitration Award filed by Plaintiff Emily Abbott (ECF No. 3) and the Motion to Dismiss filed by Defendant Crossfit Inc. (ECF No. 10).

## I. BACKGROUND

On October 12, 2018, Plaintiff Emily Abbott initiated this action by filing a Petition to Vacate Arbitration Award pursuant to the Federal Arbitration Act (FAA), 9 U.S.C. § 10. (ECF No. 1). Plaintiff requests that the Court vacate, or "remand . . . for reconsideration with a full and fair hearing on the merits," sanctions imposed by the CrossFit Games Anti-Doping Panel based on her positive test for banned substances.

1

On October 15, 2018, Plaintiff filed a Motion to Vacate Arbitration Award. (ECF No. 3).

On November 5, 2018, Defendant filed a Response in opposition to the Motion to Vacate Arbitration Award. (ECF No. 9).

On November 12, 2018, Defendant filed a Motion to Dismiss. (ECF No. 10).

On November 13, 2018, Plaintiff filed a Reply in support of the Motion to Vacate Arbitration Award. (ECF No. 13).

On November 26, 2018, Plaintiff filed a Response in opposition to the Motion to Dismiss. (ECF No. 15).

On December 3, 2018, Defendant filed a Reply in support of the Motion to Dismiss. (ECF No. 17).

## II. DISCUSSION

Plaintiff alleges in the Petition that she "submitted to routine doping control" on May 27, 2018 as a competitor of the 2018 CrossFit Regionals West. (ECF No. 1 at 4). Plaintiff alleges that on June 18, 2018, she was notified that she had tested positive for a banned substance. *Id.* Plaintiff alleges that she inadvertently ingested the banned substance. *Id.* at 2. Plaintiff alleges that she "submitted her appeal to the CrossFit Games Anti-Doping Panel, in which she requested that she set forth her written defense, and requested an in-person hearing." *Id.* at 4. Plaintiff alleges that on July 15, 2018, the panel imposed the following sanctions:

> Ms. Abbott will be disqualified from the 2018 Reebok CrossFit Games West Regional, and her official placement will be removed from the leaderboard. We rescind her invitation to this year's CrossFit Games, and she will be ineligible to compete in any sanctioned or licensed CrossFit competitions until June 21st, 2022.

*Id.* at 5.

Plaintiff alleges that she "was never afforded a hearing in which she could provide live testimony and be cross-examined by counsel for CrossFit," and that she was not "offered the opportunity to appeal the Award." *Id.* at 6. Plaintiff alleges that the decision

2

of the panel "was issued on consideration of submissions only and without a full and fair hearing." *Id.* at 2. Plaintiff alleges that the panel "improperly disregarded the evidentiary submissions of Ms. Abbott, and refused to afford Ms. Abbott a full and fair hearing on the merits of her case." *Id.* Plaintiff alleges that the decision of the panel "accused Ms. Abbott of potential additional conduct that would have constituted a wholly separate anti-doping rule violation that she was unable to respond to by virtue of being denied a hearing on the merits of her case." *Id.* Plaintiff requests that the Court vacate, or "remand . . . for reconsideration with a full and fair hearing on the merits," the sanctions imposed by the panel. *Id.* at 7.

Plaintiff alleges that "this Court . . . has diversity jurisdiction over this proceeding pursuant to 28 U.S.C. § 1332(a), because the amount in controversy, exclusive of interest and costs, exceeds $75,000, and because plaintiff is a citizen of Calgary, Canada and defendant is an entity incorporated under the laws of Delaware and has its principal place of business in Prescott, Arizona and San Diego, California." *Id.* at 3.

Plaintiff contends that the Court should vacate or remand the panel's decision because the panel did not afford her a fair and impartial hearing or due process as set forth in the World Anti-Doping Association (WADA) standards. Plaintiff contends that the panel's proceedings were fundamentally deficient because she received no "opportunity to present her case, present witnesses, present evidence, [or] have a fair opportunity to be heard." (ECF No. 3 at 15). Plaintiff asserts that the panel exceeded its powers and failed to make a mutual, final, and definitive decision because it accepted her expert's opinion that her ingestion of the banned substance was inadvertent, and also applied maximum sanctions and found her prescription medication indicated "covering up" of doping. *Id.* at 15, 17. Plaintiff contends that the tribunal was not impartial because it was comprised of CrossFit's General manager and in-house legal counsel, advisors from the drug testing agency, and "third party professionals who handle matters such as these, including arbitrations." *Id.* at 16. Plaintiff asserts that the decisionmakers were not impartial because

3

every decisionmaker "was either an employee of CrossFit, or a consultant retained by CrossFit for these purposes." *Id.*

Plaintiff contends that she is entitled to review by this Court because the CrossFit panel proceeding was an arbitration within the meaning of the FAA. Plaintiff contends that "[u]nder the theories of estoppel and assumption," an agreement to arbitrate existed because CrossFit follows WADA anti-doping standards, and "virtually any other athlete" subject to WADA anti-doping standards has access to "arbitral due process relief." (ECF No. 13 at 2–3). For example, Plaintiff asserts that her appeal resembles "the former NFL hearing process," which courts have described as arbitration. *Id.* at 5 (citing *Williams v. Nat'l Football League*, 582 F.3d 863, 869 (8th Cir. 2009)). Plaintiff asserts that she "reserves the right to commence legal action" and is "entitled to pursue all remedies available at law resulting from CrossFit's wrongful four-year sanction." *Id.* at 7–8.

Defendant asserts that Plaintiff agreed to be bound by the 2018 CrossFit Games Drug-Testing Program and subsequently tested positive for a banned performance-enhancing drug. (ECF No. 9 at 6). Defendant asserts that Plaintiff appealed, submitting briefing and approximately four hundred pages of supporting evidence, and arguing that she had unknowingly ingested the banned drug by kissing her fiancé with whom she lived and who had been taking the banned substance regularly for the past year. Defendant asserts that its review of Plaintiff's written submission was "specifically contemplated in the Drug-Testing Program's appeal process." *Id.* at 6. Defendant asserts that the Drug-Testing Program allowed CrossFit to issue up to a lifetime ban from the CrossFit Games. Defendant contends that Plaintiff has no basis to request judicial review under the FAA because Plaintiff's appeal was heard and decided by CrossFit, not by a third-party decisionmaker.

Defendant moves to dismiss the Petition on the grounds that "there was never an agreement to arbitrate, no arbitration occurred, there was no arbitration award, and the Federal Arbitration Act does not apply." (ECF No. 10-1 at 9). Defendant asserts that "the Drug-Testing Program unequivocally provides that CrossFit, not a third party, makes the

final decision on every aspect of any violation of CrossFit's Drug-Testing Program." *Id.* at 8. Defendant asserts, "There is no reference in the Drug-Testing Program to arbitration, an arbitrator, or any other third party decision maker. . . . All decisions on violations of the Drug-Testing Program are reserved solely to CrossFit. . . . Consistent with these provisions, Abbott's drug testing violation appeal was submitted to CrossFit and considered by and denied by CrossFit employees." *Id.* at 8.

The FAA provides:

> [T]he United States court in and for the district wherein the award was made may make an order vacating the award upon the application of any party to the arbitration--
> (1) where the award was procured by corruption, fraud, or undue means;
> (2) where there was evident partiality or corruption in the arbitrators, or either of them;
> (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or
> (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10. In California, "although arbitration can take many procedural forms, a dispute resolution procedure is not an arbitration unless there is a third party decision maker, a final and binding decision, and a mechanism to assure a minimum level of impartiality with respect to the rendering of that decision." *Cheng-Canindin v. Renaissance Hotel Assocs.*, 57 Cal. Rptr. 2d 867, 873 (Ct. App. 1996).

In this case, Plaintiff seeks relief from a decision issued by the CrossFit Games Anti-Doping Panel. The Petition alleges that the panel was biased, and that every decisionmaker "was either an employee of CrossFit, or a consultant retained by CrossFit for these purposes." The 2018 CrossFit Games Drug-Testing Program states,

> Sanctions will be imposed at the sole discretion of CrossFit based on the circumstances present in each case. Possible sanctions include . . . [s]uspension from participating in future CrossFit-sanctioned events. The

5

> length of this suspension will be determined by CrossFit Inc. on a case-by-case basis and may include a lifetime ban from all CrossFit-sanctioned or sponsored events. . . .
>
> Athletes who commit a violation of the Drug-Testing Policy will have the right to state their case prior to any sanctions being imposed. Following a review of the athlete's petition of appeal, CrossFit will respond in a timely manner to provide a written response of its decision, including supporting reasons, either to deny or grant the appeal. If, after this investigation, the athlete is found to be in violation of the Drug-Testing Policy, CrossFit will proceed with applying any appropriate sanctions. In extraordinary cases, the athlete may request a personal hearing and it will be at CrossFit's sole discretion to grant or deny such a request. Any decision made at such a hearing by CrossFit regarding the violation and any sanction(s) to be imposed shall be final.
>
> Note: Athletes charged with a positive drug test will be entitled to ask for a copy of the test results and all documents related to the acquisition of the sample and its processing. Athletes are also entitled to request that their "B" sample be tested.

(ECF No. 10-2 at 9–10).[1] The Court finds that the Drug-Testing Program gives CrossFit discretion to grant or deny in-person hearings. The Court finds that the Drug-Testing Program provides that CrossFit will carry out proceedings for sanctions and appeals. *Compare Williams*, 582 F.3d at 869 (referencing policy stating, "'Players with a confirmed positive test result will be subject to discipline by the Commissioner . . . .' Players subject to disciplinary action may appeal to an arbitrator, who is 'either the Commissioner or his designee,' and whose decision 'constitute[s] a full, final, and complete disposition of the appeal' that is 'binding on all parties.'"). The Court finds that Plaintiff fails to allege facts showing that there was a third-party decisionmaker or a mechanism to assure a minimum

---

[1] Defendant requests judicial notice of the "2018 CrossFit Games Drug-Testing Program" and the "July 15, 2018 e-mail from CrossFit to Plaintiff and her counsel concerning CrossFit's denial of Plaintiff's appeal of her drug testing violation." (ECF No. 10-2 at 2). The Court grants the request for judicial notice. *See Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (noting judicial notice is appropriate if "the plaintiff's claim depends on the contents of a document, the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint").

level of impartiality. The Court finds that Plaintiff fails to allege facts showing an arbitration occurred, and that Plaintiff fails to state a claim pursuant to the FAA, 9 U.S.C. § 10. *See Cheng-Canindin*, 57 Cal. Rptr. 2d at 873 ("[A] dispute resolution procedure is not an arbitration unless there is a third party decision maker, a final and binding decision, and a mechanism to assure a minimum level of impartiality with respect to the rendering of that decision.").

In addition, the Petition fails to allege facts demonstrating subject matter jurisdiction. "It is well-established that even when a petition is brought under the FAA, a petitioner seeking to confirm or vacate an arbitration award in federal court must establish an independent basis for federal jurisdiction." *Carter v. Health Net of Cal., Inc.*, 374 F.3d 830, 833 (9th Cir. 2004). "Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc.*, 336 F.3d 982, 985 (9th Cir. 2003) (noting that parties are not entitled to notice or an opportunity to respond "when the dismissal is for lack of subject matter jurisdiction"). The FAA "does not confer federal subject matter jurisdiction." *See Luong v. Circuit City Stores, Inc.*, 368 F.3d 1109, 1111 (9th Cir. 2004). This Court has "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . (2) citizens of a State and citizens or subjects of a foreign state . . . ." 28 U.S.C. § 1332. "Conclusory allegations as to the amount in controversy are insufficient." *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090–91 (9th Cir. 2003); *see also Hirmez v. GNC Holdings, Inc.*, No. 13-CV-1828 BEN JMA, 2014 WL 2197088, at *1 (S.D. Cal. May 27, 2014) ("A plaintiff must set forth the underlying facts supporting its assertion that the amount in controversy exceeds the statutory minimum. . . . . Conclusory allegations devoid of factual support are insufficient.") (quotation omitted). In this case, the Court finds that the allegation that "the amount in controversy, exclusive of interest and costs, exceeds $75,000" is conclusory. *See Matheson*, 319 F.3d at 1090–

91. There are no facts alleged in the Petition to support the allegation that the amount in controversy exceeds $75,000.

IT IS HEREBY ORDERED that the Motion to Vacate Arbitration Award filed by Plaintiff Emily Abbott (ECF No. 3) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss filed by Defendant Crossfit Inc. (ECF No. 10) is GRANTED.

IT IS FURTHER ORDERED that the Petition (ECF No. 1) is DISMISSED without prejudice. If no motion for leave to amend is filed within thirty (30) days of this Order, the case will be closed.

Dated: March 15, 2019

Hon. William Q. Hayes
United States District Court